UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL BLANC, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 06-001-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**       **    **    **    **

Petitioner Michael Blanc ("Blanc") filed this a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on January 3, 2006.  [Record No. 1]  Because he had not paid the filing fee nor submitted the documents necessary to apply for *in forma pauperis* status, on January 10, 2006, the Court entered a Deficiency Order directing him to do so within thirty days. The Deficiency Order further directed that he adequately demonstrate that his administrative remedies had been exhausted, also within thirty days.  [Record No. 2]  The Petitioner has now paid the filing fee.  [Record No. 3]

In response to the Court's directions concerning the issue of exhaustion of administrative remedies, Blanc submitted a letter in which he asserted that Exhibits A, B, and C attached to his original petition established his exhaustion of all remedies available to him from the Bureau of Prisons ("BOP").  [Record No. 4]  Those exhibits include:  (i) a Form BP-8½ dated October 14, 2005, requesting credit for time served in state custody; (ii) a Form BP-9 relating to the same grievance dated October 17, 2005, and its denial dated November 9, 2005; and (iii) a September

26, 1997 letter from the Southeast Regional Office of the BOP regarding transfer to a different facility.

## DISCUSSION

The explicit exhaustion requirements which are contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA") and the Prison Litigation Reform Act ("PLRA") do not apply to habeas petitions filed under 28 U.S.C. §2241. *United States v. West*, 2003 WL 1119990 (E.D.Mich., Feb. 20, 2003), citing *Hicks v. Hood,* 203 F.Supp.2d 379, 382 (D.Or. 2002). However, federal courts have nonetheless implied a requirement that federal prisoners exhaust their administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. This is not required by statute, but is entirely a creature of the courts. *Colton v. Ashcroft*, 299 F.Supp.2d 681, 689 (E.D.Ky. 2004); *Wesley v. Lamanna,* 27 Fed.Appx. 438, 2001 WL 1450759 (6th Cir. 2001).

The BOP has promulgated by regulation detailed administrative procedures to address grievances by inmates incarcerated in its facilities. Those procedures are set forth at 28 C.F.R. §§542.10-.16 (1987) and include the following:

- Form BP-8½ initiates the first step in the process, a request by the inmate to have his grievance addressed informally by BOP staff specifically designated to review and, if appropriate, correct the problem. 28 C.F.R. §542.13(a).

- Form BP-9, the second step if his request is denied, is a formal written complaint filed by the prisoner within 15 calendar days after the date on which the basis of the complaint occurred, and is reviewed and decided by the warden. 28 C.F.R. §542.13(b).

- Form BP-10, the third step if the inmate is not satisfied with the warden's response, is an appeal to the BOP's Regional Director to be filed within 20 calendar days of the date the warden signed the response. 28 C.F.R. § 542.14.

- Form BP-11, the fourth and final step should the Regional Director deny the inmate relief, is an appeal to the Office of General Counsel to be filed within 30 calendar days of the date the Regional Director signed the response.  28 C.F.R. § 542.15.

Blanc has failed to demonstrate that he exhausted all of the necessary steps in the BOP administrative process with regard to his grievance.  As noted above, Blanc filed a BP-8½ and a BP-9, but has declined to provide the Court with completed Forms BP-10 and BP-11 and a final decision by the Office of General Counsel as required by the Deficiency Order entered herein.  In addition, given that Blanc's BP-9 was denied on November 9, 2005, in light of the ordinary response times described above, it is unlikely Blanc could demonstrate that all of those steps were completed before he filed his petition on January 3, 2006, as required by *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) (all administrative remedies must be fully and finally exhausted on all claims before a complaint is filed).  Because Blanc has failed to demonstrate timely pre-filing exhaustion of his administrative remedies, his petition will be dismissed without prejudice.

<u>CONCLUSION</u>

Accordingly, it is hereby

**ORDERED** that  Petitioner Michael Blanc's petition for a writ of habeas corpus is **DISMISSED**, without prejudice, and this action is **STRICKEN** from the Court's docket.

This 6th day of March, 2006.



Signed By:

*Danny C. Reeves*

United States District Judge